**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CHARLES E. ANDERSON, Trustee, on behalf of PAINTERS' DISTRICT COUNCIL NO. 30 HEALTH AND WELFARE FUND, PAINTERS' DISTRICT COUNCIL NO. 30 PENSION FUND, and NORTHERN ILLINOIS PAINTERS, DECORATORS AND DRYWALL FINISHERS JOINT APPRENTICESHIP AND TRAINING FUND; DONALD STEADMAN, Trustee, on behalf of the NORTHERN ILLINOIS PAINTING AND DRYWALL INSTITUTE; and the DISTRICT COUNCIL NO. 30 OF THE INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES, AFL-CIO, a labor organization, <br><br> Plaintiffs, <br><br> v. <br><br> D & P CHICAGO, INC. an Illinois Corporation, <br><br> Defendant. | Case No. <br><br> Judge <br><br><br> FILED: JULY 8, 2008 <br> 08CV3877 <br> JUDGE GOTTSCHALL <br> MAGISTRATE JUDGE VALDEZ <br> YM |

**COMPLAINT**

**Count I**

**Jurisdiction and Venue**

1. This is an action pursuant to Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, as amended, and Section 502(a)(3) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(3), to compel an audit and collect delinquent employee benefit fund contributions and union dues and assessments disclosed by the audit, and for injunctive relief.

2. This Court has subject matter jurisdiction pursuant to 29 U.S.C. §§ 185(c) and 1132(e)(1).

3. Venue in this Court is conferred by 29 U.S.C. §§ 185(a) and 1132(e)(2), because the Funds are administered in this judicial district, and the Union and Defendants transact business in this judicial district.

**Parties**

4. The Painters' District Council No. 30 Health and Welfare Fund ("Health and Welfare Fund"), the Painters' District Council No. 30 Pension Fund ("Pension Fund"), the Northern Illinois Painters, Decorators and Drywall Finishers Joint Apprenticeship and Training Funds ("Apprenticeship Fund"), and the Northern Illinois Painting and Drywall Institute ("NIPDI") (collectively "Funds") are employee benefit trusts and/or plans within the meaning of ERISA § 3(3), 29 U.S.C. § 1002(3).

5. Plaintiff Charles E. Anderson is a fiduciary and trustee of the Health and Welfare Fund, the Pension Fund, and the Apprenticeship Fund.

6. Plaintiff Donald Steadman is a fiduciary and trustee of NIPDI.

7. ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), provides that a fiduciary of an employee benefit plan is authorized to commence a civil action to enforce the obligations that ERISA imposes upon employers.

8. Plaintiff Painters' District Council No. 30 of the International Union of Painters and Allied Trades, AFL-CIO ("Union"), is a labor organization representing employees in an industry affecting commerce, as defined by LMRA § 301(a), 29 U.S.C. § 185(b). The Union is entitled to collect dues and defense fund assessments owed to it, and contributions owed to the Painters and Allied Trades Labor Management Cooperation Initiative ("P&AT LMCI") f/k/a the International Brotherhood of Painters and Allied Trades Labor Management Fund, from

Defendant on behalf of employees covered by one or more collective bargaining agreements ("CBAs").

9. Defendant, D & P Chicago, Inc. ("D & P") is an Illinois corporation with its principal place of business in the State of Illinois. D & P is and at all times relevant has been engaged in business within this judicial district in an industry affecting commerce, as defined by LMRA § 301(a), U.S.C. § 185(a), and at all relevant times has been an "employer" as defined by ERISA § 3(5), 29 U.S.C. § 1002(5).

### Specific Allegations

10. The Funds are third-party beneficiaries of CBAs between the Union and either the Northeast Illinois Chapter of the Painting and Decorating Contractors of America ("Association") or individual employers. The CBAs require employers to pay contributions to the Funds for work performed by covered employees and to check off and remit dues and defense fund assessments to the Union for those employees.

11. At all material times, D & P was a party to a series of CBAs with the Union.

12. Pursuant to the CBAs, D & P agreed to contribute to the Funds for each hour or portion thereof worked by employees covered by the CBAs, and to check off and remit dues and defense fund assessments to the Union for bargaining-unit employees.

13. D & P agreed to adopt and be bound by the provisions of the Funds' Trust Agreements ("Trust Agreements") and the rules and regulations promulgated by the Funds' Trustees under the Trust Agreements. The Trust Agreements require D & P to pay continuing and prompt contributions to the Funds for work performed by covered employees in accordance with the applicable CBAs.

14. Participating employers are required to advise Plaintiffs monthly of the identity of the employees for whom contributions, dues and assessments are owed, identify each hour or portion thereof worked by and gross wages paid to those employees, and remit the amounts owed to the Funds and Union for those employees.

15. The CBAs and the Trust Agreements require participating employers to provide the Funds and Union with access to their books and records and those of their affiliated or related companies upon demand, so Plaintiffs can audit the employers' records and verify the accuracy and completeness of the hours worked by and gross wages paid to covered employees reported to the Funds and Union, and the corresponding contributions, dues, and assessments paid to the Funds and Union.

16. On or about September 5, 2007, Plaintiffs initiated their audit of D & P. D & P provided limited information and access to records, and thwarted the Funds' auditor's attempts to collect relevant information. As recently as May 2008, the Funds' auditor contacted D & P requesting additional meetings to review records. D & P has ignored the auditor's requests.

17. The Funds are entitled to a full audit of the books and records of D & P for the period of January 1, 2007 through June 30, 2008.

18. Pursuant to the CBAs, the Trust Agreements, and ERISA §§ 502(g)(2) and 515, 29 U.S.C. §§ 1132(g)(2) and 1145, the Funds are entitled to contributions, interest, the greater of interest or liquidated damages, audit costs, and attorneys' fees and costs.

19. Pursuant to the CBAs and LMRA § 301(a), 29 U.S.C. § 185(a), the Union is entitled to collect dues, assessments, and contributions. The CBAs provide that delinquent contributions shall be assessed interest, liquidated damages, and attorneys' fees and costs as established by the Funds' Trustees.

**WHEREFORE,** Plaintiffs request that this Court:

(A) Order Defendant to comply with the terms of the CBAs, the Funds' Trust Agreements, ERISA, and the LMRA, and direct it to permit Plaintiffs' representative to conduct an audit of its books and records for the period of January 1, 2007, to June 30, 2008, at its place of business (or other mutually agreed upon location) and to provide Plaintiffs' representatives with the names, current addresses, social security numbers of their employees, hours worked by each employee, and the amounts paid to each employee, together with such any other such documentation as may be required by Plaintiffs' representatives to verify said information and any other information that is reasonably required by the Trustees in connection with the proper administrations of the Funds;

(B) Order Defendant to pay all audit costs incurred by the Funds in performing the audit and all attorneys' fees and costs incurred by the Funds and the Union in connection with this case;

(C) Enter a judgment in Plaintiffs' favor and against Defendant for –

   (i) all the delinquencies, if revealed by the audit, at the interim contribution rates that are owed for the audit period (January 01, 2007, through June 30, 2008), plus Union dues and Defense Fund assessments;

   (ii) interest on the delinquent contributions;

   (iii) an amount equal to the greater of the interest on the delinquent contributions or liquidated damages of twenty percent (20%) of the delinquent contributions at the interim contribution rates; and

   (iv) attorneys' fees and costs, including audit costs, incurred by Plaintiffs in connection with this action;

(D)     Enter an order enjoining Defendant from failing to submit accurate contributions reports;

(E)     Retain jurisdiction of this cause pending compliance with its orders;

(F)     Provide such further or different relief as this Court may deem proper and just.

                                Respectfully submitted,

                                <u>/s/ M. Garrett Hohimer</u>
                                M. Garrett Hohimer
                                One of Plaintiffs' Attorneys

Marisel Hernandez
M. Garrett Hohimer
Jacobs Burns Orlove Stanton & Hernandez
122 South Michigan Avenue, Suite 1720
Chicago, Illinois 60603